UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In Re:                                                    Chapter 7

Herja Associates LLC,                                     Case No.:  803-86651-511

              Debtor.

-----------------------------------------------------------------X
Marc A. Pergament, Chapter 7 Trustee of the              Adv. Proc. No.
Estate of Herja Associates LLC,

              Plaintiff,

      -against-

Jack Lefkowitz, Maskil El Dal Ltd. and                   **COMPLAINT**
Olympia Capital Group, Ltd,

              Defendants.
-----------------------------------------------------------------X

      Marc A. Pergament, Chapter 7 Trustee of the Estate of Herja Associates LLC, by his

attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges

and represents to this Court as follows:

           1.      This action arises under 11 U.S.C. §§ 541, 544 and 550 and Rules 6009 and

7001 of the Federal Rules of Bankruptcy Procedure and § 270 <u>et seq</u>. of the New York Debtor and

Creditor Law.

           2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157,

as this action arose in and under the pending Chapter 7 case of Herja Associates LLC.

           3.      Venue is proper in this district pursuant to 28 U.S.C. § 1409 (a).

## THE PARTIES

4.      Marc A. Pergament is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. § 704, having been appointed after the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, has duly qualified as such, and by operation of law, became the permanent Trustee of this case.

5.      On October 14, 2004 (the "Petition Date"), Herja Associates LLC ("Herja" or the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6.      Upon information and belief, at all relevant times herein, Defendant Jack Lefkowitz ("Lefkowitz") has been a domiciliary of the State of New York, residing at 1526 52nd Street, Brooklyn, New York  and is the sole owner and/or shareholder of Defendants Maskil El Dal Ltd. and Olympia Capital Group Ltd. and is not a licensed real estate broker.

7.      Upon information and belief, at all relevant times herein, Defendant Maskil El Dal Ltd. ("Maskil") is a not for profit corporation, duly organized and existing under the laws of the State of New York, with its principal places of business located at 751 Second Avenue, New York, New York and 1526 52nd Street, Brooklyn, New York.

8.      Upon information and belief, at all relevant times herein, Defendant Olympia Capital Group Ltd ("Olympia") is a corporation, duly organized and existing under the laws of the State of New York, with its principal places of business located at 751 Second Avenue, New York, New York and 1526 52nd Street, Brooklyn, New York.

2

## FACTUAL BACKGROUND

### a. The Non-Parties

9.      Upon information and belief, at all times relevant herein, Ever Ready Medical Supply ("Ever Ready") is a corporation organized and existing under the laws of the State of New York, and is an affiliate of the Debtor.

10.      Upon information and belief, at all times relevant herein, JT Princeton Holding ("JT Princeton") is a limited liability company organized and existing under the laws of the State of New York.

11.      Upon information and belief, at all times relevant herein, Stanev Associates, ("Stanev") is a limited liability company, organized and existing under the laws of the State of New York, and is one of the owners of the real property known as 80 Evergreen Avenue, Brooklyn, New York.

12.      Upon information and belief, at all times relevant herein, Yosef Tabak ("Tabak") is a domiciliary of the State of New York and is the sole owner of JT Princeton and Stanev.

13.      Upon information and belief, at all times relevant herein, Mom and Sons Realty LLP is a limited liability company organized and existing under the laws of the State of New York, is an affiliate of the Debtor, and was the sole owner of the real property known as 80 Evergreen Avenue, Brooklyn, New York ("80 Evergreen").

14.    Upon information and belief, at all times relevant herein, the Debtor was the owner of the real property known as 930 Flushing Avenue, Brooklyn, New York ("930 Flushing Property").

15.    Upon information and belief, at all times relevant herein, Herman Jacobowitz ("Herman") is the sole owner of the Debtor and an owner of Mom and Sons.

16.    Upon information and belief, at all times relevant herein, Eva Silverstein ("Eva") is an officer of Ever Ready, an owner of Mom and Sons, and the mother of Herman.

b. The Transfer

17.    Upon information and belief, in or about January 2003, Defendant Lefkowitz, at the request of Eva, orally agreed to act as a "consultant" to Ever Ready (the "Oral Consulting Agreement").

18.    Upon information and belief, the Oral Consulting Agreement consisted of assisting Ever Ready in resolving its financial difficulties with its lender.

19.    Upon information and belief, the Oral Consulting Agreement did not provide for a fee to be paid to Defendant Lefkowitz.

20.    Upon information and belief, Defendant Lefkowitz did not retain any outside consultants with respect to the Oral Consulting Agreement.

21.    Upon information and belief, on or about June 16, 2003, the Debtor sold the 930 Flushing Property.

22.    Upon information and belief, on or about June 23, 2003, Mom and Sons sold the 80 Evergreen Property.

4

23.     Upon information and belief, Ever Ready and Tabak facilitated the transfer from the Debtor to Defendant Lefkowitz of the sum of one million ($1,000,000.00) dollars from the revenues of the sale of the 80 Evergreen Property and/or the 930 Flushing Avenue Property (the "Transfer").

24.     Upon information and belief, the Transfer was made by two checks drawn on the account of JT Princeton and Stanev, one payable to Defendant Maskil in the amount of $375,000.00, and one payable to Olympia in the amount of $625,000.00.

25.     Upon information and belief, Defendant Lefkowitz rendered no services in consideration for the Transfer.

26.     Upon information and belief, Defendant Maskil rendered no services in consideration for the Transfer.

27.     Upon information and belief, Defendant Olympia rendered no services or consideration for the Transfer.

28.     Upon information and belief, the Transfer diminished the assets of the Debtor's estate.

## AS AND FOR A FIRST CLAIM FOR RELIEF

29.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

30.     Upon information and belief, the Debtor was either insolvent at the time of the Transfer to Defendants Lefkowitz, Maskil and Olympia or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

31.     Upon information and belief, at or about the time of the Transfer, or as a result thereof, the fair market value of all of the Debtor's assets was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

32.     Upon information and belief, the Debtor did not receive any consideration in exchange for the Transfer to the Defendants within the meaning of New York Debtor and Creditor Law § 272.

33.     Upon information and belief, by reason of the Transfer to Defendants Lefkowitz, Maskil and Olympia, without sufficient consideration, the Debtor was insolvent or rendered insolvent.

34.     Upon information and belief, the Transfer was made to Defendants Lekfowitz, Maskil and Olympia, with the actual intent to hinder, delay or defraud creditors of this bankruptcy estate.

35.     Upon information and belief, on the date that the Debtor filed its Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Transfer to Defendants Lefkowitz, Maskil and Olympia under New York Debtor and Creditor Law § 273.

36.     Upon information and belief, the Transfer to Defendants Lefkowitz, Maskil and Olympia was a fraudulent transfer pursuant to § 270 et seq. of New York Debtor and Creditor Law since the Debtor did not receive sufficient consideration for the transfer.

6

37.    By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 278 setting aside the Transfer or awarding the Plaintiff $1,000,000.00, plus interest from June 16, 2003.

## AS AND FOR A SECOND CLAIM FOR RELIEF

38.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

39.    Upon information and belief, on the date of the Transfer to Defendants Lefkowitz, Maskil and Olympia without sufficient consideration, the Debtor knew or should have known that it would incur debts beyond its ability to pay such debts as they matured.

40.    Upon information and belief, the Debtor's knowledge of such inability to pay such debts requires the Transfer to be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

41.    Upon information and belief, on the date of the filing of the Debtor's bankruptcy petition, there were actual existing creditors of the Debtor who could have avoided the Transfer under New York Debtor and Creditor Law § 275.

42.    By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 278 setting aside the Transfer or awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003.

## AS AND FOR A THIRD CLAIM FOR RELIEF

43.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

7

44.    Upon information and belief, the Transfer to Defendants Lefkowitz, Maskil and Olympia was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

45.    By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 278 setting aside the Transfer or awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

46.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

47.    Upon information and belief, the Transfer to Defendants Lefkowitz, Maskil and Olympia was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

48.    By reason of the actual intent of Defendants Lefkowitz, Maskil and Olympia to defraud the creditors of the Debtor, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

WHEREFORE, Marc A. Pergament, Plaintiff-Trustee respectfully requests that this Court enter judgment against Defendants Jack Lefkowitz, Maskil El Dal Ltd. and Olympia Capital Group Ltd. jointly and severally as follows:

a.    As to the First Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 270 et. seq. and 278 setting aside the Transfer to Defendants Lefkowitz, Maskil and

8

Olympia; or in the alternative, awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003;

      b.     As to the Second Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 275 and 278, setting aside the Transfer to Defendants Lefkowitz, Maskil, and Olympia; or in the alternative, awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003;

      c.     As to the Third Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 276 and 278, setting aside the Transfer to Defendants Lefkowitz, Maskil and Olympia; or, in the alternative, awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003.

      d.     As to the Fourth Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 276-a, Plaintiff's legal fees incurred in this adversary proceeding;

      e.     Together with the costs and disbursements incurred herein; and

      f.     Such other and further relief as this Court deems just and proper.

Dated:  Garden City, New York
         September 27, 2004

                    Weinberg, Gross & Pergament LLP
                    Attorneys for Plaintiff-Trustee

       By:

                    Marc A. Pergament (MP-6183)
                    400 Garden City Plaza, Suite 403
                    Garden City, New York  11530
                    (516) 877-2424