MORITT HOCK HAMROFF & HOROWITZ LLP
Attorneys for Defendants, Jack Lefkowitz, Maskil El Dal Ltd.
and Olympia Capital Group, Ltd.,
400 Garden City Plaza
Garden City, New York  11530
(516) 873-2000
Neil J. Moritt (NM-2553)
Stephen E. Turman (ST-6018)


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In Re:                                                                              Chapter 7

Herja Associates LLC,                                                    Case No.: 803-86651-511

                               Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Marc A. Pergament, Chapter 7 Trustee of the
Estate of Herja Associates LLC,                                  Adv. Proc. No. 804-08538-511

                               Plaintiff,

          -against-                                                      **ANSWER**

Jack Lefkowitz, Maskil El Dal Ltd. and
Olympia Capital Group, Ltd.,

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Defendants Jack Lefkowitz, Maskil El Dal Ltd. and Olympia Capital Group, Ltd., by their attorneys Moritt Hock Hamroff & Horowitz LLP, as and for their Answer to the Complaint, allege as follows:

        1.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "1" of the Complaint.

2. Admit the allegations set forth in paragraph "2" of the Complaint.

3. Admit the allegations contained in paragraph "3" of the Complaint.

4. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "4" of the Complaint.

5. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "5" of the Complaint.

6. Admit the allegations set forth in paragraph "6" of the Complaint.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "9" of the Complaint.

10. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "10" of the Complaint.

11. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "11" of the Complaint.

12. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "12" of the Complaint.

13. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "13" of the Complaint, except admit that Mom and Sons Realty LLP was the owner of the real property known as 80 Evergreen Avenue, Brooklyn, New York.

14. Deny having knowledge or information sufficient to form a belief with respect to

the allegations contained in paragraph "14" of the Complaint.

15. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "15" of the Complaint.

16. Admit the allegations set forth in paragraph "16" of the Complaint.

17. Admit the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations contained in paragraph "19" of the Complaint.

20. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "20" of the Complaint.

21. Admit the allegations set forth in paragraph "21" of the Complaint.

22. Admit the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint, except admit that the Defendants Maskil and Olympia were paid the total sum of $1 million from the proceeds of the sale of the 80 Evergreen Property.

24. Deny the allegations contained in paragraph "24" of the Complaint, except admit that the Defendant Maskil received a payment in the amount of $375,000.00 and the Defendant Olympia received a payment in the amount of $625,000.00 from the proceeds of the sale of the 80 Evergreen Property.

25. Deny the allegations contained in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. Deny the allegations contained in paragraph "28" of the Complaint.

29. Defendants repeat and reallege their responses to each and every allegation contained in paragraphs "1" through "28" of the Complaint.

30. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "30" of the Complaint.

31. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "31" of the Complaint.

32. Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "32" of the Complaint and alleges that to the extent that the Debtor did not receive any consideration in exchange for the alleged Transfer, there was no consideration due Debtor and no transfer of any property of the Debtor.

33. Deny the allegations contained in paragraph "33" of the Complaint, except deny having knowledge or information sufficient to form a belief with respect to the allegation that the Debtor was insolvent or rendered insolvent.

34. Deny the allegations contained in paragraph "34" of the Complaint.

35. Deny the allegations contained in paragraph "35" of the Complaint.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants repeat and reallege their responses to each and every allegation contained in paragraphs "1" through "28" of the Complaint.

39. With respect to paragraph "39" of the Complaint, deny any transfer of any property

of the Debtor to Defendants, deny that there was any consideration due Debtor and deny having knowledge or information sufficient to form a belief with respect to the knowledge of the Debtor.

40. Deny the allegations contained in paragraph "40" of the Complaint.

41. Deny the allegations contained in paragraph "41" of the Complaint.

42. Deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants repeat and reallege their responses to each and every allegation contained in paragraphs "1" through "28" of the Complaint.

44. Deny the allegations contained in paragraph "44" of the Complaint.

45. Deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants repeat and reallege their responses to each and every allegation contained in paragraphs "1" through "28" of the Complaint.

47. Deny the allegations contained in paragraph "47" of the Complaint.

48. Deny the allegations contained in paragraph "48" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. The Complaint fails to state a claim against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. To the extent that the Trustee alleges that the action arises under 11 U.S.C. § 541 no property of the Estate as defined by that Section was transferred to any of the Defendants.

WHEREFORE, Defendants respectfully request that this Court enter judgment against Plaintiff dismissing each and every claim asserted in the Complaint, together with the costs and

disbursements incurred herein and such other and further relief as this Court may deem just and proper.

Dated:  Garden City, New York
         October 28, 2004

                            MORITT HOCK HAMROFF & HOROWITZ LLP
                            Attorneys for Defendants, Jack Lefkowitz, Maskil El Dal
                            Ltd. and Olympia Capital Group, Ltd.,


                            By:      /s/ Stephen E. Turman
                                  Stephen E. Turman (ST-6018)
                            400 Garden City Plaza
                            Garden City, New York 11530
                            (516) 873-2000

F:\Lefkowitz\Pergament\answer1.wpd

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| In Re: | Chapter 7 |
| Herja Associates LLC, | Case No.: 803-86651-511 |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Marc A. Pergament, Chapter 7 Trustee of the
Estate of Herja Associates LLC,        Adv. Proc. No. 804-08538-511

                    Plaintiff,

        -against-        **AFFIDAVIT OF SERVICE**

Jack Lefkowitz, Maskil El Dal Ltd. and
Olympia Capital Group, Ltd.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STATE OF NEW YORK)
COUNTY OF NASSAU ) ss.:

Dagmar Rowinsky, being duly sworn, deposes and says: I am not a party to the action, am over 18 years of age and reside in New Hyde Park, New York. On the 28th day of October, 2004, I served a true copy of the within Answer by dispatching said papers via Federal Express/Overnight Delivery (Weekday Service) to the address designated by plaintiffs' counsel for service of papers; to wit:

Said papers were deposited on said date in the custody of said overnight delivery service prior to the latest time designated for overnight delivery; to wit: 6:00 P.M. and via facsimile upon:

    Marc A. Pergament, Esq.
    Weinberg, Gross & Pergament LLP
    Attorneys for Plaintiff-Trustee
    400 Garden City Plaza, Suite 403
    Garden City, New York 11530
    Fax No. (516) 877-2460

                                                s/ Dagmar Rowinsky
                                                _____
                                                Dagmar Rowinsky

Sworn to before me this
28th day of October, 2004.

s/ Maryanne Vogel
_____

Notary Public, State of New York
No. 30-4828271
Qualified in Nassau County
Commission Expires August 31, 2005